MONROE, PLAINTIFF-APPELLEE, *v.* MUSSMAN, DEFENDANT-APPELLANT.

Ohio Appeals, Fourth District, Adams County.

No. 224. Decided May 3, 1963.

*Messrs. Wilson, Wilson & Wilson*, for plaintiff-appellee.
*Messrs. Young & Young*, for defendant-appellant.

COLLIER, P. J. This is an appeal on questions of law from the judgment of the Common Pleas Court of Adams County rendered on the verdict of the jury in an action of ejectment instituted by Martin D. Monroe, plaintiff-appellee, herein designated the plaintiff, against A. M. Mussman, defendant-appellant, herein designated the defendant. Plaintiff's petition contained two causes of action. In the first of which he alleged he had a legal estate in and was entitled to the possession of the following described real estate:

"The following real estate situated in the eastern part of

Meigs Township, Adams County, Ohio, to-wit: That lot or parcel of land known as the Beech Fork School Grounds, on which the Beech Fork Schoolhouse has been long stood, and which has been used these many years for school purposes.''

For his second cause of action the plaintiff claimed that the defendant had unlawfully kept him out of possession of said real property for a period of six years and prayed for accounting of the rents, issues and profits plaintiff had lost by reason thereof. Defendant, in his answer, denies generally all the allegations of plaintiff's petition and further alleged in the nature of a disclaimer that the Talbert Lumber and Veneer Corporation is the owner of said real property and in possession thereof. Plaintiff's reply denied all allegations of the answer which were inconsistent with the averments of plaintiff's petition.

The land in controversy was used for many years as a site for a rural one room elementary school and is located within the boundaries of a tract of land purchased by the Talbert Lumber and Veneer Company from Lillian Rheinecker on June 8, 1943. The evidence does not show that the Peebles Village School District, Adams County, Ohio, or its predecessor has ever had record title to the school lot. The plaintiff claims title by quit claim deed from said school board to W. C. Hilterbran and from Hilterbran to the plaintiff.

The assignments of error raise several questions of law, but as we view the record, the proper disposition of this appeal turns entirely upon the sufficiency of the evidence. One of the essential elements of proof in an action of ejectment is that the defendant was in possession of the real property at the time the suit was commenced. Ejectment may be maintained only against one in possession. 18 Ohio Jurisprudence (2d), 668, Section 21. The evidence in this case clearly shows that the defendant, as an individual, makes no claim to any right, title or interest in the real property described in the petition; that as an individual he has never been in possession of the property; that the Talbert Lumber and Veener Company, a corporation, claims to be the rightful owner of said property under a deed of conveyance describing a larger tract, which includes the school lot in dispute from Lillian Rheinecker,

dated June 8, 1943; that the defendant as an individual has never been in possession of said property but that all his acts relating thereto were in the capacity of president and manager of said Talbert Lumber and Veneer Company. This undisputed evidence is not sufficient in law to support a verdict for the plaintiff and defendant's motion for a directed verdict should have been sustained. The judgment is reversed and final judgment rendered for the defendant.

Judgment reversed and final judgment for the defendant.

BROWN and CARLISLE, JJ., concur.